McKinney, J.,
delivered the opinion of the Court.
The complainant, Elizabeth Brents, prior to the marriage with her • co-complainant, in December, 1857, was the .widow of one Benjamin Brown, who died in the early part of that year, in Bedford county.
Said Brown was possessed of a large estate, which he disposed of by his last will and testament, consisting in part, of notes and 'obligations for the payment of money due to him, to the amount of about thirty thousand dollars, in regard to which the will contains the following provision: “ The balance of my estate, either money on hand, or notes, *561 or obligations for money, when it is collected, I want the same to be equally divided between my daughter, Emeline Norvill, and my wife, and my sons, Henry, William, Spencer and John, this clause of my will is only to include money, or notes, when collected.”
The executors, after their qualification, were desirous to avoid the responsibility of collecting the notes, and thought it best for the several legatees, all of whom were of full age and free from disability, that they should be divided out amongst them, so that each one might see to the collection of his own share of the notes; and this arrangement was proposed by the executors, and assented to by all the legatees; and in pursuance thereof, an equal division was made between them of the notes, all of which, thus divided, were believed to be good at that time.
It turned out, however, not long after, that certain of the notes allotted to the widow were worthless, owing to the failure of the makers. It is admitted by the executor, Wisener, who proposed and carried into effect this arrangement, and who seems to have acted in the whole matter with the utmost fairness and good faith, that he represented to the widow, that the notes which proved to be of no value, were perfectly good, and he then so believed. But there is some testimony tending to show, that the other executor, Brown, who was one of the legatees, was aware, before the death of the testator, that the makers of said notes were thought to be of doubtful solvency.
One of the objects of the present bill, to which the executors and all the other legatees are parties, is to recove? the amount of said notes, being about the sum of $1000. This relief was refused by the Chancellor.
We think the decree is erroneous in every aspect of the case. Upon the plainest principles of equity, the other legatees, who, by reason of the widow’s acceptance of these worthless notes, have received more than their just proportion of' the fund, are bound to refund to her.
Admitting, as .the decree of the Chancellor assumes, that *562 there was no fraud in the transaction ; still, the widow’s claim to relief is clear, on the ground of mutual mistake. The proof places it beyond all question, that the notes were received by the complainant on the faith of Wisener’s assurance that they were perfectly good; and there is as little doubt that the latter honestly believed the fact to be so. And by this representation, the other legatees are bound, for the reason that they were present and. assented tacitly, at least, to its truth; and likewise, on the distinct ground, that, as a consequence of this prejudice to the rights of the complainant, the other legatees derived a direct benefit to themselves.
If the allegation of the executor, Brown, in his answer’, were established by the proof, that each legatee, by the terms of the arrangement, was to take the notes allotted to him at his own risk, it would not affect the determination. Admitting that complainant accepted the notes in question under such an agreement, she was induced to do so by the representation of the executor, who stood in the relation of trustee; and if the representations were untrue, she would not be bound by her assent to the agreement, whether the representations were fraudulently made, or merely the result of an innocent mistake.
Upon this point the decree will be reversed.
The allegations of the cross-bill are not sustained, and the decree dismissing it will be affirmed.